IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARILYN SHIRLEY and | § | |
| RAYMOND DOUGLAS SHIRLEY | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:03-CV-1385-Y |
| | § | |
| UNITED STATES OF AMERICA | § | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending before the Court is Defendant's motion for summary judgment [doc. # 48], filed August 2, 2005, and Plaintiffs' motion for partial summary judgment [doc. # 53], filed August 10, 2005. After consideration, the Court GRANTS Defendant's motion and DENIES Plaintiffs' motion.

I. BACKGROUND

The facts of this case are largely undisputed. In January 1998, Plaintiff Marilyn Shirley entered the federal prison at Federal Medical Center Carswell (FMC Carswell) to begin serving a 37-month sentence for her conviction for unlawful use of a communication device to facilitate the distribution of a controlled substance. On March 11, 2000, Officer Michael Lawrence Miller, a correctional officer at FMC Carswell, sexually assaulted Shirley. Understandably fearful, Shirley hid the clothes she was wearing and did not immediately report the assault. When she was discharged from FMC Carswell on September 8, 2000, Shirley reported the assault to a correctional officer and to the camp administrator. To back up her claim, she provided the clothes she had been wearing at the time of the assault and had been hiding for six months. An investigation was opened, and Miller was assigned to other duties at another facility.

Shirley sued Miller in a *Bivens* action.[1] On June 3, 2003, a jury awarded Shirley $4,000,000 in damages. Miller was then indicted for aggravated sexual abuse, sexual abuse of a ward, abusive sexual contact, abusive sexual contact, and assault within special maritime and territorial jurisdiction of the United States. A jury convicted Miller on all five counts, and, on July 2, 2004, Miller was sentenced to 150 months' imprisonment. That same day, the district court dismissed the count for assault within special jurisdiction as a lesser-included offense. After his conviction, Miller was fired.

On November 26, 2003, Shirley and her husband, Raymond Douglas Shirley,[2] sued the United States under the Federal Tort Claims Act ("the FTCA"). *See* 28 U.S.C.A. §§ 1346(b), 2671-80 (West 1994 & Supp. 2005). She raises a claim for negligent hiring, training, supervision, and retention; under the theories of vicarious liability and respondeat superior, she alleges (1) intentional infliction of emotional distress, (2) battery, (3) assault, (4) false imprisonment, (5) negligence per se, and (6) negligence. The United States moves for summary judgment on all of Shirley's claims, and Shirley argues she is entitled to summary judgment on all claims except her claim for negligent hiring, training, supervision, and retention.

II. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Plaintiffs were originally Shirley, her husband, and their two children. However, the third amended complaint only lists Shirley and her husband as plaintiffs.

2

R. CIV. P. 56(c). The party moving for summary judgment has the initial burden of demonstrating that it is entitled to a summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party need not produce evidence showing the absence of a genuine issue of material fact with respect to an issue on which the nonmovant bears the burden of proof. Rather, in that situation, the moving party need only point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmovant's claim. *Id.* at 323-35. Where, however, the moving party bears the burden of proof on the claim upon which it seeks summary judgment, it must present evidence that establishes "beyond peradventure *all* the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

When the moving party has carried its summary-judgment burden, the nonmovant must go beyond the pleadings and by its own affidavits or by the depositions, answers to interrogatories, or admissions on file set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

In making its determination on the motion, the Court must look at the full record in the case. *See* FED. R. CIV. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Instead, parties should "identify specific

3

evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

### III. DISCUSSION

#### A. NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

Shirley asserts that the United States was negligent in training its officers with regard to the implementation of policies and procedures relating to the prevention of sexual violence and advances, the identification of individuals involved in instigating sexual violence and advances, and the reporting of such sexual violence and advances when it came to their knowledge. She further argues that the United States was negligent in implementing these policies and procedures and in supervising its officers regarding the policies and procedures. (3d Am. Comp. at 6-7.)

As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994). Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1) (West Supp. 2005); *see also Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). However, immunity applies if the negligence claim is based on the federal employee's "exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C.A. § 2680(a) (West 1994). If a government action or decision falls within the discretionary exception, this Court lacks subject-matter jurisdiction over the matter. *See ALX El Dorado, Inc. v. Sw. Sav. &*

*Loan Ass'n/FSLIC*, 36 F.3d 409, 410 n.5 (5th Cir. 1994).  But if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, the act is nondiscretionary, and immunity does not apply.  *See United States v. Gaubert*, 499 U.S. 315, 322 (1991).  The FTCA exceptions to immunity must be strictly construed in favor of the United States.  *See Truman*, 26 F.3d at 594.

To determine whether the discretionary-function exception applies, a two-part test applies. First, the government acts must be discretionary, i.e., the acts must involve "an element of judgment or choice" in order to be protected by the exception.  *Id.*  Second, even if the governmental acts are found to involve judgment or choice, such action must be of the kind that the exception was designed to shield.  *See id.* at 322-23.  Thus, the exception protects only government action that is based on public-policy considerations.  *See id.*

Courts have repeatedly held that employment decisions, i.e., the manner in which the United States selects, trains, and supervises its employees, are discretionary functions.  *See, e.g.*, *Nurse v. United States*, 226 F.3d 996, 1001-02 (9th Cir. 2000); *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997); *Tonelli v. United States*, 60 F.3d 492, 496 (8th Cir. 1995); *Richman v. Straley*, 48 F.3d 1139, 1146-47 (10th Cir. 1995); *Attallah v. United States*, 955 F.2d 776, 784-85 (1st Cir. 1992); *Dretar v. Smith*, 752 F.2d 1015, 1017 n.2 (5th Cir. 1985).  This case is no different.  Shirley points to regulations and statutes that provide that the Bureau of Prisons has a duty to provide a safe environment and protect its inmates.  (Shirley Resp. at 15-16.)  However, these statutes and regulations do not limit or deny the existence of discretion for implementing that specific policy.  Imposing a duty with no specific designation of how to carry out such authority is the essence of discretion.  Thus, because the United States' employment decisions are discretionary

5

functions, the United States is immune from this claim.

### B. CLAIMS RAISED UNDER VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

Shirley asserts that the United States is liable for the actions of Miller under the doctrines of respondeat superior and vicarious liability and raises the following claims: intentional infliction of emotional distress, battery, assault, false imprisonment, negligence per se, and negligence. Both Shirley and the United States argue that they are entitled to judgment as a matter of law on these claims.

As stated above, the waiver of sovereign immunity in the FTCA only covers torts committed by government employees acting within the scope of their employment. *See Sheridan v. United States*, 487 U.S. 392, 400-01 (1988). The issue of scope of employment is determined under state law. *See* 28 U.S.C.A. § 1346(b); *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995). In Texas, an employee acts within the scope of his employment if his actions are (1) within the general authority given him, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object for which the employee was employed. *See Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995); *Green v. Ransor, Inc.*, 175 S.W.3d 513, 516 (Tex. App.—Fort Worth 2005, no pet.); *Mackey v. U.P. Enters., Inc.*, 935 S.W.2d 446, 453 (Tex. App.—Tyler 1996, no writ); *Drooker v. Saeilo Motors*, 756 S.W.2d 394, 397 (Tex. App.—Houston 1988, writ denied). When an employee turns away from the advancement of the employer's work to engage in wholly personal actions, he ceases to act for the employer, and the responsibility for those personal actions is upon him alone. *Mackey*, 935 S.W.2d at 453. It is clear here that Miller's actions were not work-related. In sexually assaulting Shirley, Miller stepped aside from his employment to accomplish his own, rather than the United States', purpose. *See, e.g., City of Green Cove Springs v. Donaldson*, 348

F.2d 197, 203 (5th Cir. 1965); *Mackey*, 935 S.W.2d at 453-54. *See generally* Rochelle Rubin Weber, Note, *"Scope of Employment" Redefined: Holding Employers Vicariously Liable for Sexual Assaults Committed by Their Employees*, 76 MINN. L. REV. 1513, 1521-22 & nn.33-34 (1992) (collecting cases holding sexual assault falls outside scope of employment).

## IV. CONCLUSION

While Miller's actions are abhorrent, the immunity granted to the United States cannot be surmounted in this case. Thus, the United States is entitled to judgment as a matter of law.

SIGNED March 21, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE